IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUVELL RICKS, individually,
and as next friend of Demetrius
Ricks and Shadiamond Ricks,
minor children,

                Plaintiff,

vs.                                                    CIVIL NO.   11-608 LH/LFG

SEAN MARTINEZ, Detective,
in his individual capacity,

                Defendant.

## ORDER DENYING MOTION TO MOVE DEPOSITIONS

THIS MATTER is before the Court on Plaintiff Luvell Ricks' ("Ricks") Opposed Motion to Move Depositions to Plaintiff's Counsel's Office [Doc. 74].[1] The Court considered the motion, Response [Doc. 76] and Reply [Doc. 77]. Oral argument is not necessary.

Defendant noticed the deposition of Ricks and his girlfriend LaShaunna Engel to be taken at the Clovis City Hall in Clovis, New Mexico. Defense counsel represents that the City of Clovis has used conference rooms and facilities at City Hall to take depositions. Ricks and his girlfriend contend that they are "afraid and intimidated" by the Clovis Police Department, and, as a result, having a deposition taken "just feet from the Clovis Police Department" makes them fearful. [Doc. 74, p. 1]. They provide nothing in support of their claim. They filed no affidavit and provided no support for their supposition that having their deposition taken at City Hall is somehow dangerous or harmful.

---

[1] Discovery was stayed pending the Court's consideration of Defendants Queener and Mullers' motion to dismiss based on qualified immunity. That motion was denied as moot by the Trial Court [Doc. 71]. Prior to the Court lifting the stay of discovery, the deposition notices were served. The Court now lifts the discovery stay and, by separate order, will enter new pretrial case management deadlines.

Generally, a party may notice a deposition to be taken at any place, but a subpoena will not issue to compel the attendance of a non-party witness other than that specified in Fed. R. Civ. P. 45(a)(1)(A).  Shepard's Discovery Proceedings in Federal Court, 3d ed., § 9.03.  Thus, it is perfectly appropriate for Defendant, who is required to designate the time and place where the deposition will be taken, to select the proper venue.  *See e.g.*, 8A C. Wright, A. Miller, M. Kane & R. Marcus, Federal Practice and Procedure § 2112, at 533 (3d ed. 2010) ("The party noticing the depo usually has the right to choose the location.")

It is true that a court may intervene upon motion of a party or the person to be deposed to designate a different place to take a deposition.  However, the moving party must demonstrate under Rule 26(c)(1) that the proposed place of deposition will constitute an annoyance, embarrassment, oppression or undue burden.  Shockey v. Huhtamaki, Inc., 280 F.R.D. 598, 600 (D. Kan. 2012).

In this case, Ricks provided nothing of substance from which the Court could determine that taking a deposition at City Hall would be improper.  Ricks failed to convince the Court that the general rule concerning the selection of a place of deposition should not be followed in this case.

IT IS THEREFORE ORDERED that Ricks' motion is DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge